UNITED STATES DISTRICT COURT
DITRICT OF MINNESOTA

Jan B. Throndson,   No. 22-cv-870 (KMM/DTS)

        Plaintiff,

v.   **ORDER**

Sargent's Nursery,

        Defendant.

This matter is before the Court on Plaintiff Jan B. Throndson's motions for default judgment, ECF Nos. 4 & 7, and the Defendant Sargent's Landscape Nursery Inc.'s[1] ("Sargent's") motion for extension of time to answer, ECF No. 15. For the reasons that follow, the motions for default judgment are denied, and the motion for extension of time to answer is granted.

Mr. Throndson filed his *pro se* Complaint on April 8, 2022, asserting a claim of age-discrimination claim against Sargent's, and he had the Summons and Complaint served on Sargent's on April 15, 2022. ECF No. 1. As a result, an answer or other response to the Complaint was due on May 6, 2022, Fed. R. Civ. P. 12(a)(1)(A)(i), but

---

[1] Defendant states that it is incorrectly named "Sargent's Nursery" in the Complaint, so the Court refers to the name Defendant used in its filings. ECF No. 10 at 1.

1

Sargent's did not meet that deadline. Mr. Throndson then moved for default judgment on June 13th and again on June 23rd.

On July 11, 2022, Sargent's filed a memorandum in opposition to the motions for default judgment. On August 9, 2022, Sargent's filed its motion seeking an extension of time to answer and again filed a memorandum in opposition to the second motion for default judgment. Mr. Throndson responded to the request for an extension on August 15, 2022.

The Court has carefully considered all of the parties' written submissions in this case and concludes that a default judgment is inappropriate, that Defendant should be permitted to file its proposed answer, and this case should proceed through litigation. True, Sargent's did not timely respond to the Complaint, and it is technically in default. Fed. R. Civ. P. 55(a).[2] However, the Court will exercise its discretion to set aside the default and deny the motion for default judgment. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (regarding district court's discretion when ruling on a

---

[2] Default judgment procedure involves two-steps: first, a plaintiff files an application requesting that the clerk of court enter a default; and second, a plaintiff moves for a default judgment. Fed. R. Civ. P. 55(a), (b). Here, the Clerk has not entered default against Sargent's, but this appears to be attributable to the fact that Mr. Throndson combined the first of his two default judgment motions with the request for entry of default. ECF No. 4 at 1. Because Mr. Throndson is not represented by counsel, and because it does not change the outcome here, the Court will review the motions for default judgment with the assumption that a default could be entered in response to the first motion.

default judgment motion). Most importantly, the Court reaches this conclusion because default judgments are disfavored and there is a "judicial preference for adjudication on the merits" of civil disputes. *Id.* (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). Default judgments are rarely entered in cases that involve a "'marginal failure' to meet pleading or other deadlines," as opposed to situations involving intentional delays and disregard of procedural rules. *Johnson*, 140 F.3d at 784. This is a case involving only a marginal failure to meet a deadline, and as discussed below, there is a good excuse for why the response was untimely.

Further, the Court finds that there is good cause not to enter default or default judgment in this case. *See generally* Fed. R. Civ. P. 55(c); *Johnson*, 140 F.3d at 784 (instructing courts considering whether to set aside a default for good cause to consider the following: "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused"); *accord Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008).[3] The Defendant's failure to timely respond to the Complaint is not particularly blameworthy or culpable—indeed, defense counsel contracted the virus that causes COVID-19 while she was in trial on another case, right

---

[3] The factors for setting aside an entry of default are similar to those for setting aside a default judgment, but the latter requires a stronger showing of excuse. *Johnson*, 140 F.3d at 783.

around the time Sargent's was served, and she was contacted by Sargent's for representation during that timeframe as well. *Johnson*, 140 F.3d at 784 (noting that when a party appears in a case to challenge the entry of default, "rather than waiting for grant of a default judgment," it can generally be inferred that the party "was guilty of an oversight and wishes to defend the case on the merits"); *Hunter v. Anderson*, No. 12-cv-2008 (MJD/AJB), 2013 WL 3974342, at *6 (D. Minn. July 31, 2013) ("Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.") (quotation marks omitted).

In addition, Sargent's stands ready to file an answer as soon as any ruling is issued on its motion for extension of time to answer, and the proposed answer and affirmative defenses may present a meritorious defense. *Praxair Distribution, Inc. v. Irish Oxygen Co.*, No. 18-cv-1321 (WMW/SER), 2018 WL 11402813, at *3 (D. Minn. Oct. 31, 2018) (explaining that a meritorious defense may be presented in a proposed answer). And although the Court understands Mr. Throndson's frustration that in spite of his own efforts to comply with procedural rules, Defendant failed to respond to the Complaint in a timely manner, nothing in the record suggests that setting aside the default would result in the loss of evidence, create barriers to discovery, or generate "opportunities for fraud and collusion," which are the kinds of prejudice that may justify refusal to set aside an entry of default. *Id.* (quoting *Johnson*, 140 F.3d at 784).

For the foregoing reasons, the Court enters the following **ORDER**:

1. Plaintiff's Motions for Default Judgment, ECF Nos. 4 & 7, are **DENIED**;

2. Defendant's Motion to Extend Time to Answer, ECF No. 15, is **GRANTED**, and Defendant shall file its Answer and Affirmative Defenses as soon as practicable after receiving this Order.

In addition, in a separate letter, the Court refers Mr. Throndson to the *Pro Se* Project, which is a program established by the Minnesota Chapter of the Federal Bar Association with the goal of connecting unrepresented parties with a volunteer attorney for consultation in connection with litigation. More details concerning the *Pro Se* Project are contained in the referral letter.

Date: August 29, 2022

                                                 *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge